UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AYSHA HUSSAIN,

                Petitioner,

                                                                                                Case # 16-CV-6725-FPG
                                                                                                Case # 14-CR-6124-FPG

v.

                                                                                                    DECISION & ORDER

UNITED STATES OF AMERICA,

                Respondent.
_____

## INTRODUCTION

On November 5, 2016, Aysha Hussain ("the Petitioner") filed a petition to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.[1] *See* ECF No. 172.[2] For the reasons stated below, the petition is denied.

## BACKGROUND

On August 5, 2014, the Government indicted the Petitioner and her husband, Humayun Farid, on one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, two counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342, and one count of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2. *See* ECF No. 99. The Government alleged that the Petitioner and her husband devised and executed a scheme

---

[1]     Because Petitioner is not currently incarcerated, she seeks a writ of error *coram nobis* under 28 U.S.C. § 1651(a) in the alternative. *See* ECF No. 172. Because the Government did not challenge the Petitioner's ability to file a petition under § 2255, and because the Court finds the Petitioner was not denied the effective assistance of counsel, the Court assumes for the purpose of this Order that the Petitioner properly filed a petition under § 2255.
[2]     The parties filed all documents related to the instant case on docket of the related criminal matter (No. 14-CR-6142). For that reason, all docket citations refer to the docket of the criminal matter.

1

to defraud Intuit Inc., the manufacturer of TurboTax and Quicken software, by selling fraudulently-obtained TurboTax and Quicken software disks to unknowing consumers. *Id.* On December 11, 2014, without the benefit of a plea agreement, the Petitioner pleaded guilty to one count of conspiracy to commit mail fraud and one count of making and subscribing a false tax return. *See* ECF No. 119.

On October 20, 2015, the Court sentenced the Petitioner's husband to a 35-month term of imprisonment. *See* ECF Nos. 151, 154. Nine days later, the Petitioner appeared, represented by her attorneys William Easton and Matthew Lembke, before the Court for sentencing. *See* ECF No. 155. The Petitioner's attorney, William Easton, made a statement to the Court. *See* ECF No. 159 at 43-47. Mr. Easton noted that "the Court is in possession of a wealth of information about this family," and that "the Court really has at its disposal just a wealth of information about the family here and both defendants." *Id.* at 43. He stated that "in terms of [the Petitioner], . . . her life has really centered around her children," and explained "[t]hat comes through not only in our submissions, it comes through in every letter on her behalf, it comes through in every submission that her husband put forth." *Id.* at 44. Mr. Easton proceeded to explain that "the fear, the trauma she's undergone over the last 15 months as she realized how she has jeopardized not just her own life . . . but just the future of her kids is what has . . . made this case so tremendously difficult." *Id.* Mr. Easton explained that the Petitioner "really lives for her children," and that "even if [she] doesn't go to prison, . . . she's going to be a single mother to four children six and that's—that's going to consume her, every bit of energy, every bit of talent that she has, everything about her." *Id.*

The Petitioner also made a statement to the Court. *See* ECF No. 159 at 47-50. The Petitioner told the Court her children's names and ages. *Id.* at 47. She told the Court that she

knew "everything will not be the same" for her children. *Id.* at 49. She stated that, "They're too young to know this right now, but I hurt them the most." *Id.* She told the Court that her oldest daughter "wants to be an astronaut" and her five-year-old daughter "wants to be a teacher" or "a super model." *Id.* She noted that she "jeopardized [her children's] future[s]." *Id.*

The Court sentenced the Petitioner to a 15-month term of imprisonment. *See* ECF No. 155. In reaching that sentence, the Court determined that the Petitioner's basel offense level was a seven with a 16-level upward adjustment based on the value of the loss. *Id.* at 50-51. That resulted in an adjusted offense level of 23. *Id.* at 52. The Court gave the Petitioner a two-level downward adjustment based on the Petitioner's minor role in the scheme and a three-level downward adjustment based on Petitioner's acceptance of responsibility. *Id.* Accordingly, the Petitioner's final adjusted offense level was 18, and with a criminal history category of I, the Petitioner's resulting advisory sentencing range was 27 to 33 months. *Id.*

The Court stated that, "I have presided over . . . both your case and your husband's case," and noted that "I'm fully aware of all the facts and circumstances surrounding this." *Id.* at 50. The Court noted that "[i]t's clear that over the period of time this has been pending this has had an effect on the [Petitioner], her husband and her family as well." *Id.* The Court noted that the Petitioner has "four children," and explained that the Court was "not losing sight of that." *Id.* at 54. The Court noted that the children "need the care and attention of their parents," *id.*, and that the Petitioner's children "are going to ultimately suffer from the sentences here based upon the fact that your husband was sentenced as well." *Id.* at 55. Taking that into consideration, the Court varied from the sentencing guidelines range and sentenced the Petitioner to 15 months. *Id.*

On November 6, 2015, the Petitioner moved to delay serving her sentence until after her husband served his. *See* ECF No. 157, 158. The Petitioner asked the Court to stagger her sentence

3

and her husband's sentence "to allow for child care for the co-defendants' four children." *See* ECF No. 158. The Petitioner provided the Court with a letter, describing the medical conditions of each child, from the children's pediatrician. *See* ECF No. 158-1. The Court granted the Petitioner's request to stagger her and her husband's sentences on December 8, 2015. *See* ECF No. 160.

The Petitioner now claims that her sentencing counsel was ineffective because her attorneys failed to investigate and inform the Court of the impact her incarceration would have on the health and well-being of her children, especially in light of her husband's imprisonment. *See* ECF No. 172 at 4. Specifically, the Petitioner argues that her attorney failed to inform the Court of "the children's special medical and psychological needs." *Id.* Petitioner provides letters from the children's pediatrician, *see* ECF No. 172-1, psychologist, *see* ECF No. 172-2, and teacher, *see* ECF No. 172-3, which describe the children's mental, emotional, and physical ailments. Petitioner argues that, had her attorney investigated and informed the Court of this information, there is a substantial likelihood that the Court would have granted her a downward departure from the sentencing guidelines based on extraordinary family circumstances. *See* ECF No. 172 at 9-11.

## DISCUSSION

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*. 466 U.S. 668, 687-88, 691-93 (1984). The Petitioner must demonstrate that (1) counsel's performance was objectively deficient and that (2) the defendant was actually prejudiced as a result. *See id.*; *see also Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011). Even assuming that the Petitioner has demonstrated that her counsel's performance was objectively deficient, her petition is denied because she has not demonstrated that she was actually prejudiced as a result.

*Strickland*'s prejudice prong "asks whether it is reasonably likely the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (internal quotation marks omitted). That standard does not require a showing that counsel's actions "more likely than not altered the outcome," but "the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Id.* A hearing on the matter is required where the Petitioner establishes that she has a "plausible" claim of ineffective assistance of counsel. *Jordan v. Untied States*, No. 12-CV-557, 2016 U.S. Dist. LEXIS 80244 at *4 (W.D.N.Y. June 7, 2016) (quoting *Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011) (internal quotation marks omitted)).

A hearing is not required in this case because the Petitioner has not demonstrated a plausible ineffective assistance of counsel claim. During the Petitioner's sentencing hearing, her attorney mentioned her children, the impact the sentence would have on her children, and the letter submissions on behalf of the children multiple times. *See* ECF No. 159 at 43-47. The Petitioner also spoke about her children and the impact her sentence would have on her children. *See* ECF No. 159 at 47-50. Further, the Court mentioned the children and the impact the sentence would have on the children. *See* ECF No. 155 at 50-55. But even assuming that the Petitioner's attorney's performance was deficient, the Petitioner has not demonstrated any likelihood that the outcome of the sentencing hearing would have been different had her attorney further investigated and informed the Court of the impact the Petitioner's sentence would have on her children.

The Court sentenced the Petitioner below the sentencing guidelines. *See* ECF No. 155. After adjustments for the value of the loss and the Petitioner's minor role in the criminal conduct, the Petitioner's offense level was 18. *Id.* That triggered an advisory sentencing range of 27 to 33 months. *Id.* However, considering all the relevant circumstances of the case including the impact

5

of the Petitioner's sentence on the Petitioner's children, the Court varied from the sentencing guidelines and sentenced the Petitioner to 15 months.  *Id.*  The Petitioner demonstrates no likelihood that, had her attorney further investigated the impact her sentence would have on her children and presented more of that information to the Court, the Court would have varied any further from the sentencing guidelines.

What is more, after sentencing the Petitioner to 15 months, the Court granted the Petitioner's request to stagger her and her husband's sentences.  *See* ECF No. 160.  The Petitioner asked the Court to stagger her and her husband's sentences "to allow for child care for the co-defendants' four children."  *See* ECF No. 158.  The Court granted that request.  *See* ECF No. 160.  Thus, even assuming the Petitioner's attorney's performance was deficient for failing to further investigate and inform the Court of the impact of the Petitioner's sentence on the Petitioner's children, the Court considered the well-being of the children in both the length of the sentence and the administration of it.

## CONCLUSION

For the reasons stated, the Petitioner's motion to vacate is denied.  The Court declines to issue a certificate of appealability because the Petitioner has failed to make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

Dated: September 12, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court